UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY, CANOPIUS/STATE NATIONAL INS. CO., TRAVELERS PROPERTY CASUALTY CO OF AMERICA, STARR INDEMNITY & LIABILITY COMPANY, AND GREAT AMERICAN INSURANCE COMPANY | * * * * * * * * | CIVIL ACTION NO._____ |
| VERSUS | * * | DISTRICT JUDGE:_____ |
| DIXIE MARINE, INC. | * | MAGISTRATE JUDGE:_____ |

*****************************************************************************

## **COMPLAINT FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, Atlantic Specialty Insurance Company, Canopius/State National Ins. Co., Travelers Property Casualty Co. of America, Starr Indemnity & Liability Company, and Great American Insurance Company, who allege upon information and belief as follows:

## **PARTIES**

1.

Plaintiff, Atlantic Specialty Insurance Company, is a foreign insurance company.

2.

Plaintiff, Canopius/State National Ins. Co., is a foreign insurance company.

3.

Plaintiff, Travelers Property Casualty Co. of America, is a foreign insurance company.

4.

Plaintiff, Starr Indemnity & Liability Company, is a foreign insurance company.

5.

Plaintiff, Great American Insurance Company, is a foreign insurance company.

6.

Defendant, Dixie Marine, Inc., is a Louisiana corporation with a principal place of business in Harahan, Louisiana.

**JURISDICTION AND VENUE**

7.

This Honorable Court has jurisdiction over this Complaint for Damages under 28 U.S.C. § 1332 because the plaintiffs and defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court also has jurisdiction over this Complaint for Damages under 28 U.S.C. § 1333 because the action in question is an admiralty/maritime action as it concerns damages to a vessel located on the Industrial Canal in New Orleans, Louisiana.

8.

Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(1) or (2) because the Eastern District is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and is where a substantial part of property that is subject of the action is situated.

**FACTUAL ALLEGATIONS**

9.

The NATCHEZ is a United States Coast Guard certified steel passenger vessel owned by New Orleans Steamboat Company.

10.

On May 3, 2022, the NATCHEZ was docked at the Industrial Canal in New Orleans, Louisiana for renovations.

11.

In connection with these renovations, Defendant, Dixie Marine, Inc., performed hot works and other welding work on the NATCHEZ.

12.

On or about May 3, 2022, while docked on the Industrial Canal in New Orleans, Louisiana, the NATCHEZ caught fire.

13.

Upon information and belief, the fire was caused by the actions, inactions, errors, and omissions of Dixie Marine in connection with the work it was performing on the NATCHEZ.

14.

During the time of the incident, the NATCHEZ was insured by a Commercial Marine Hull Policy, policy number RS0396, issued to the New Orleans Steamboat Company with a policy period of July 30, 2021 to July 30, 2022 (the "Hull policy"). The Hull policy provided hull insurance on the NATCHEZ for an insured hull value of $8,000,000. The Hull policy is attached hereto as Exhibit A.

15.

The Plaintiffs are underwriters of the Hull policy in the following percentages:

a. Atlantic Specialty Insurance Company- 35%
b. Canopius/State National Ins. Co.- 22%

c. Travelers Property Casualty Co of America- 20%

d. Starr Indemnity & Liability Company- 13%

e. Great American Insurance Company- 10%

16.

The New Orleans Steamboat Company is the named insured on the Hull policy.

17.

The Hull policy includes the following provision entitled "Subrogation of Underwriters":

(a) These Underwriters, upon payment of a loss under this Policy, shall, to the extent of such payment, be subrogated to all the rights of the Assured under the Hull Policy, the Mortgage on the Vessel and any note or bond secured thereby, and under any other instrument taken by the Assured as security for the repayment of the mortgage indebtedness. On the request of these Underwriters, the Assured shall execute and deliver all documents necessary to effect a valid assignment of the said policy, mortgage, note or bond, and any other instrument taken by way of security as aforesaid, and all of the right, title and interest of the Assured therein. Any net sum recovered by these Underwriters in excess of the amount due to them by reason of their rights of subrogation as aforesaid shall be held for the account of the Assured.

18.

Pursuant to the terms of the Hull policy, the Plaintiffs are subrogated to all rights the New Orleans Steamboat Company has against Dixie Marine and/or any other person or entity who may be liable for the alleged damage to the NATCHEZ to the extent of Plaintiffs' payment under the Hull policy.

19.

The Plaintiffs have issued payments totaling $902,000.00 for repairs to the NATCHEZ. Upon information and belief, the Plaintiffs will have to issue additional payments.

20.

Any damages owed by the defendant for damages to the NATCHEZ are therefore owed to the Plaintiffs to the extent of the payments made by Plaintiffs under the Hull policy.

## CAUSES OF ACTION

21.

The New Orleans Steamboat Company hired Dixie Marine to perform hot works and other welding work aboard the NATCHEZ. Dixie Marine's negligence under either General Maritime Law and/or Louisiana state law caused and/or contributed to the fire aboard the NATCHEZ and the resulting damages. Dixie Marine failed to perform its work with reasonable care and in compliance with all applicable laws and regulations.

22.

The New Orleans Steamboat Company and Dixie Marine entered into a contract for the performance of repairs/services to the NATCHEZ. Dixie Marine breached its contractual duties by failing to complete the repairs correctly, properly, and safely. Instead, Dixie Marine's repairs/services caused and/or contributed to the fire aboard the NATCHEZ. Dixie Marine also breached the implied warranty of diligence and workmanlike performance, which caused and/or contributed to the fire.

## DAMAGES

23.

As a result of the fire, a generator aboard the NATCHEZ was destroyed. There was additional damage to the insulation, wiring, and bulkheads. Other parts of the vessel were also damaged due to smoke and heat.

24.

Pursuant to the terms of the Hull policy, plaintiffs are subrogated to all rights the New Orleans Steamboat Company has against Dixie Marine to the extent of its $902,000.00 payments and any future payments under the Hull policy.

25.

Plaintiffs seek damages for the cost to repair the NATCHEZ, economic damages, and any and all other damages which Plaintiffs may be entitled to under General Maritime Law and/or Louisiana state law.

WHEREFORE, Plaintiffs, Atlantic Specialty Insurance Company, Canopius/State National Ins. Co., Travelers Property Casualty Co. of America, Starr Indemnity & Liability Company, and Great American Insurance Company, pray that defendant, Dixie Marine, Inc., be duly cited and served with a copy of this Complaint for Damages, and after due process is had, that there be judgment in favor of Atlantic Specialty Insurance Company, Canopius/State National Ins. Co., Travelers Property Casualty Co. of America, Starr Indemnity & Liability Company, and Great American Insurance Company against Dixie Marine, Inc., as prayed for herein, as well as for any and all other relief deemed appropriate by the Court and/or to which Plaintiffs are entitled to in law or equity.

Respectfully Submitted:

MAHTOOK & LAFLEUR, LLC

*[signature]*

ROBERT A. MAHTOOK, JR. #17034
KAY A. THEUNISSEN, #17448
600 Jefferson Street, Suite 1000 (70501)
Post Office Box 3089
Lafayette, Louisiana 70502-3089
TEL: (337) 266-2189
FAX: (337) 266-2303
EMAIL: rmahtook@mandllaw.com
EMAIL: ktheunissen@mandllaw.com

Attorneys for Plaintiffs, Atlantic Specialty Insurance Company, Canopius/State National Ins. Co., Travelers Property Casualty Co. of America, Starr Indemnity & Liability Company, and Great American Insurance Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has this date been served on all counsel of record in this proceeding by:

(   ) Hand Delivery           ( X ) Prepaid U.S. Mail
(   ) Facsimile               (   ) Federal Express
( X ) CM/ECF Filing System    (   ) Email

Lafayette, Louisiana this ___ day of May, 2023.

*[signature]*
ROBERT A. MAHTOOK, JR.